

**SO ORDERED.**
**SIGNED this 10th day of December, 2015**

_____
Shelley D. Rucker
UNITED STATES BANKRUPTCY JUDGE

**THIS ORDER HAS BEEN ENTERED ON THE DOCKET.**
**PLEASE SEE DOCKET FOR ENTRY DATE.**

_____

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF TENNESSEE

IN RE:                                                                                      CASE NO. 15-14798 SDR
BRADFORD RAY KILGORE

    Debtor(s)                                                                       CHAPTER 13

### ORDER CONFIRMING CHAPTER 13 PLAN

The chapter 13 plan in this case or summary thereof having been transmitted to scheduled creditors, and it having been determined that the plan as finalized complies with 11, U.S.C. §1325 and should be confirmed, the court directs the following:

1. The plan, a copy of which is attached is confirmed.
2. Property of the estate does not vest in the debtor(s) until completion of the plan.
3. Attorney for the debtor(s) is awarded the fee set forth in the plan, to be paid by the chapter 13 trustee through the plan.
4. All pending objections, if any, to confirmation are resolved, withdrawn, or overruled.
5. Upon request by the trustee pursuant to 11 U.S.C. § 521(f)(1), the debtor(s) shall file with the court, at the same time filed with the taxing authority, a copy of each federal income tax return required under applicable law (or, at the election of the debtor(s), a transcript of such tax return) with respect to each tax year of the debtor(s) ending while the case is pending under chapter 13.  Alternatively, the debtor(s) may submit the aforesaid documents directly to the trustee instead of filing them with the court.

###

Approved for Entry By:
/s/ Kara L. West
Kara L. West
Chapter 13 Standing Trustee
P.O. Box 511, Chattanooga, TN 37401

**LOCAL FORM 3015.1**

1:15-bk-14

In re:  BRADFORD RAY KILGORE  * Case No. _____
         Debtor(s)              * Chapter  13

### CHAPTER 13 PLAN

☒ *Original*  ☐ *Amended*  ☐ *Modified*

*Dated:*  October 28, 2015

**1. Payments and Term.**
The Debtor(s) will pay the Chapter 13 Trustee $ __160.00 weekly__ for __60__ month by ☒ Wage Order ☐ Direct Pay and the following additional monies:   ☐ None   ☒ Tax Refunds Less Tax Credits   ☐ Other _____.

**2. Priority Claims (including administrative expenses, tax claims, child support).**

(a) All administrative expenses under 11 U.S.C. §§ 503(b) & 1326 will be paid in full, including fees to the Debtor's attorney in the amount of $ __3,000.00__, less $ __0.00__ previously paid by the Debtor.

(b) Except as provided in paragraph 7 below, claims entitled to priority under 11 U.S.C. § 507 will be paid in full in deferred cash payments. Tax claims will be paid as priority, secured, or unsecured in accordance with the filed claim. Child support pre-petition arrearages shall be paid inside the Chapter 13 Plan by the trustee and post-petition payments on a child support obligation shall be paid outside the Chapter 13 plan by the Debtor unless otherwise specified in Paragraph 7.

(c) All allowed priority claims shall accrue no interest after the filing date of this petition. In the event any of these claims are not discharged upon the completion of this plan, the balance due upon completion shall be the unpaid balance with no accrued interest. Interest will only begin accruing on the unpaid balance, if any, after the completion of the plan. If the claim is paid in full in the plan, the debt shall be deemed satisfied in full upon completion of the plan.

**3. Secured Claims.**

(a) *Cramdowns*. The holders of the following allowed secured claims retain the liens securing such claims until the earlier of the two events set forth in 11 U.S.C. § 1325(a)(5)(B)(i)(I) and will be paid by the trustee the value of the security in the manner specified below. The portion of any allowed claim that exceeds the value indicated will be treated as an unsecured claim under paragraph 4(a) below. The failure of a secured creditor listed below to timely object to the proposed treatment for its secured claim and its unsecured claim shall be deemed an acceptance of the terms of the plan as provided for in 11 U.S.C. §1325(a)(5).

| Creditor | Collateral | Value | Monthly Payment | Interest Rate |
|---|---|---|---|---|
| Chrysler Capital | 2012 Toyota Camry | $19,092.00 | $381.00 | 7.25% |
| Pioneer Credit | 2001 Honda Shadow | $2,195.45 | $68.00 | 7.25% |

(b) *Surrender*. The debtor will surrender the following collateral and the creditor will have an allowed deficiency claim which will be paid as unsecured under paragraph 4(a) below.

| Creditor | Collateral to Be Surrendered |
|---|---|
| United Consumer | Kirby Vacuum Cleaner |

(c) *Long-Term Mortgages, Mobile Homes and Motor Vehicles (Including mortgages, doublewide mobile homes, singlewide mobile homes and modular homes)*. The holders of the following mortgage claims and non-mortgage claims will retain their liens and will be paid monthly maintenance payments which will extend beyond the life of the plan. Any arrearage amount set forth below is an estimate; arrearage claims will be paid in full in the amount in the filed claim, absent an objection. The amount of any maintenance payment to be paid pursuant to 11 U.S.C. § 1322(b)(5), is fixed herein for the term of the plan (subject to adjustment for escrows) and is binding upon all parties. Increases in the monthly maintenance payments during the life of the plan will be paid by the indicated payer. The secured creditor must advise of the need for monthly change promptly. The creditor requesting an increase in monthly maintenance payment shall not include any amounts that should be part of an arrearage claim as part of the proposed maintenance payment. Pursuant to 11 U.S.C. § 1322(b)(3) and (10) all maintenance payments shall be deemed current upon conclusion of the case or discharge, and all post-petition defaults are waived. No late charges shall accrue on any secured claim which is maintained in the plan or during the case pursuant to U.S.C. 1322(b)(5). Pursuant to 11 U.S.C. § 1322(b)(3) any secured creditor that fails to file a claim waives any default or charges resulting from non-payment.

| Creditor | Estimated Arrearage | Arrearage Interest Rate | Arrearage Monthly Payment | Maintenance Payment | Payment By Trustee or Debtor |
|---|---|---|---|---|---|

-NONE-

(d) *De Novo Review.* Notwithstanding any provision of this plan, the secured status and classification of any purported secured claim are subject to *de novo* review on the request of any party in interest made within 90 days following the filing of the claim or the expiration of the deadline for filing proofs of claim, whichever comes later.

**4. Unsecured Claims.**

(a) *Nonpriority.* Except as provided in subparagraph (b) and in paragraph 6 below, allowed nonpriority unsecured claims will be paid as follows: ☐ _____ %   ☒ Remainder   ☐ Remainder Pro Rata   ☐ Other _____

(b) *Post-petition.* Claims allowed under 11 U.S.C. § 1305 will be paid as ordered by the court.

(c) All allowed nonpriority unsecured claims shall accrue no interest after the filing date of this petition. In the event any of these claims are not discharged upon the completion of this plan, the balance due upon completion shall be the unpaid balance with no accrued interest. Interest will only begin accruing on the unpaid balance, if any, after the completion of the plan. If the claim is paid in full in the plan, the debt shall be deemed satisfied in full upon completion of the plan.

**5. Executory Contracts and Unexpired Leases.** Except the following which are assumed, all executory contracts and unexpired leases are rejected, with any claim arising from the rejection to be paid as unsecured as provided in paragraph 4(a) above:

| Other Party to Contract | Property Description | Payment by Trustee or Debtor |
|---|---|---|

-NONE-

**6. Liens to be avoided under §§ 506 & 522(f).** Confirmation of this plan shall constitute an order avoiding the liens of the following creditors:

| Creditor | Property Description |
|---|---|

-NONE-

**7. Special Provisions.** (Such as cosigned debts, secured tax claims, debts paid by third party, student loans, special priority debts and treatment of non-bankruptcy secured debt as unsecured in the plan, child support claims).

| Creditor | Treatment by Debtor |
|---|---|

-NONE-

*/s/ Rebecca L. Hicks*
Rebecca L. Hicks, BPR #7338
1374 Railroad Street, Ste. 100
Dayton, TN 37321
(423) 775-2545
(423) 775-2686 – facsimile
Email: hickslaw@volstate.net

*/s/Bradford Ray Kilgore*